**NOT FOR PUBLICATION**                              [Docket No. 17]

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


UNITED STATES OF AMERICA,    :
                             : Criminal Action No. 07-801 (RMB)
            v.               :
                             : OPINION
KEVIN MAYFIELD,              :
                             :
            Defendant.       :
```

This matter comes before the Court upon the Defendant Kevin Mayfield's Motion to Dismiss the Indictment for a pre-indictment violation of the Speedy Trial Act of 1994. For the reasons below, the motion is denied.

Background

On July 5, 2007, the United States filed a criminal complaint against Mayfield. On July 9, 2007, Mayfield was arrested, and the next day he appeared for his initial appearance before United States Magistrate Judge Ann Marie Donio. Judge Donio detained Mayfield pending trial.

At the initial appearance, Troy Archie, Esquire, was appointed to represent Mayfield. Mr. Archie represented Defendant from July 10, 2007, until September 18, 2007. On July 27, 2007, an Order continuing the Speedy Trial Act's thirty-day deadline for filing an indictment was executed by both attorneys. Mr. Archie signed for Defendant, and Assistant United States Attorney, Jason M. Richardson, signed for the United States.

Judge Donio signed the Order excluding the time from the date of the entry of the Order until October 9, 2007, pursuant to the "ends of justice" under 18 U.S.C. § 3161(h)(8)(the "Continuance Order"). Judge Donio specifically found that the continuance for the purpose of reviewing informal discovery and continuing plea negotiations outweighed the best interest of the public and the Defendant in a speedy trial.

On September 18, 2007, prior to the expiration of the Continuance Order, Mark S. Greenberg, Esq., replaced Mr. Archie as the attorney for Defendant. On October 9, 2007, the Grand Jury in and for the District of New Jersey returned a three-count Indictment against Defendant. On November 1, 2007, Mayfield's new counsel, Mr. Greenberg, and counsel for the United States, Assistant United States Attorney Jason M. Richardson, entered into a continuance order excluding time from the Speedy Trial Act from November 16, 2007, until January 18, 2008. Defendant sought a continuance to "review the discovery, research and file pre-trial motions." [Docket Entry No. 16].

On January 11, 2008, Defendant filed the instant motion to dismiss based upon a pre-indictment violation of the Speedy Trial Act. Defendant contends that he never authorized his first counsel, Mr. Archie, to enter into the Continuance Order. Because it was invalid, he argues, his right to be indicted within thirty days of his initial appearance was violated, and,

therefore, the Indictment must be dismissed. The United States opposes the motion, arguing that Mr. Archie properly requested the continuance and Defendant Mayfield's lack of consent, even if true, is not controlling.

Discussion

Title 18, United States Code, Section 3161(b) of the Speedy Trial Act provides that an information or indictment must be issued within thirty days of a defendant's initial appearance on a criminal complaint. 18 U.S.C. § 3161(b). If an indictment or information is not filed within the tirty day time period, absent any extensions, the complaint shall be dismissed or otherwise dropped. 18 U.S.C. § 3162(a)(1).

Certain determined periods, however, are automatically excluded from the calculation of the thirty day period. 18 U.S.C. § 3161. One exclusion is:

> Any period of delay resulting from a continuance granted by any judge on his own motion *or at the request of the defendant or his counsel* or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A) (emphasis added)

The plain text of the statute states that a continuance can be requested by the defendant <u>or</u> his counsel. Id. Nothing in the statute requires that the defendant consent to a continuance. In fact, the Court can grant a continuance even over the

3

defendant's objection, upon the government's motion, or on its own motion if the ends of justice are served.  18 U.S.C. § 3161(h)(8)(A).  See, e.g., United States of America v. Tulu, 2008 U.S. Dist. Lexis 2254 (D.N.J. 2008).

On February 25, 2008, the Court held a hearing on Mayfield's Motion to Dismiss the Indictment.  At that time, the Court heard the testimony of the Defendant.  During his testimony, Mayfield offered the transcript of the Initial Appearance (Def. Ex. 1); his letter to Troy Archie dated July 30, 2007 (Def. Ex. 2); an undated Motion to Dismiss the Complaint (Def. Ex. 3); an undated, handwritten Motion to Dismiss the Complaint for Speedy Trail [sic] Violation dated August 19, 2007, that Mayfield testified he sent to Mr. Archie [the accompanying envelope indicates the motion was mailed August 20, 2007], (Def. Ex. 4); a letter dated August 21, 2007, from Mr. Archie to Mayfield (Def. Ex. 5); and a letter dated July 27, 2007, from James J. Leonard, Jr., Esq., to Alice Mayfield, the mother of the Defendant (Def. Ex. 6).  Mayfield testified that he did not authorize Mr. Archie to enter into the Continuance Order.  In fact, he testified, he never saw the Order until after-the-fact.[1]

Contrary to Defendant's position, a defendant's consent, or

---

[1] At the conclusion of the hearing, the Court ordered the parties to address the issue of dismissal of the Indictment with or without prejudice.  Counsel for Defendant requested thirty days to brief the issue which the Court granted.  The United States filed its response two weeks later.

lack thereof, to a continuance requested by defense counsel is not controlling for Speedy Trial Act purposes. <u>United States v. Fields</u>, 39 F.3d 439, 442 (3d Cir. 1994).  The plain language of § 3161(h)(8)(A) makes it clear that a continuance can be requested by the defendant <u>or</u> his counsel.  Thus, the statute clearly provides that a continuance requested by defense counsel, even if not consented to by the defendant, is valid as long as the Court has made findings that the ends of justice served by continuing the matter outweigh the best interests of the public and the defendant in a speedy trial.

As numerous courts have held, as long as the district court has made the appropriate findings, the district court should not be put in the "precarious position of having to determine whether defendant's legal counsel or the defendant himself is actually speaking for a defendant." <u>United States v. Tulu</u>, No. 05-840, 2008 U.S. Dist. LEXIS 2254 at *20 (D.N.J. 2008) (citing <u>United States v. Bryant</u>, 1998 U.S. App. LEXIS 1408 at *3 (4th Cir. 1998) (unreported)).

In <u>United States v. Fields</u>, 39 F.3d 439, 442 (3d Cir. 1994), the Third Circuit denied an appeal in which the defendant claimed, <u>inter alia</u>, that continuances sought by the defendant's own counsel abridged his Speedy Trial Act rights.  The <u>Fields</u> Court noted:

> [t]he defendant's arguments are disturbing because he
> would have us order the dismissal of his indictment

5

> based on continuances that his own attorney sought . . . .'[d]efendants cannot be wholly free to abuse the system by requesting (h)(8) continuances and then argue that their convictions should be vacated because the continuances they acquiesced in were granted.'

Id. at 443 (quoting United States v. Lattany, 982 F.2d 866, 883 (3d Cir. 1992); see also United States v. Willis, 958 F.2d 60, 63 (5th Cir. 1992) ("allowing defendants to sandbag the district court would encourage harmful strategic behavior and straightjacket the district court in ruling under the [Speedy Trial] Act.")

Moreover, in Bryant the Fourth Circuit clearly noted the practical difficulties that would arise from allowing defendants to challenge continuances agreed to by their counsel:

> If we adopt Bryant's argument here, we would be permitting another sort of sandbagging, i.e. permitting a defendant to use the services of his counsel when it suited him, but disavowing his counsel's advice when that advice did not suit the defendant's purpose. . . . [W]e refuse to hold here that a defendant has the right to have counsel represent him for some purposes and not others.

Tulu, 2008 U.S. Dist. LEXIS 2254 at *20 (quoting Bryant, 1998 U.S. App. LEXIS at *4.

In this case, the attorneys for the United States and Defendant Mayfield had represented to the Court that informal discovery and plea negotiations were currently in progress. The Court further found that each counsel had consented to the Order and that both parties desired additional time to review the

6

informal discovery and continue plea negotiations.[2]  The evidence submitted by the United States in opposition to within motion as well as Defendant's Exhibit 5 support the Court's finding that the parties were engaged in the exchange of informal discovery. By letter dated August 14, 2007, the United States provided informal discovery to Mr. Archie.  Although Federal Rule of Criminal Procedure 16 did not mandate such pre-indictment disclosure, the United States provided the discovery to facilitate plea discussions.  On August 21, 2007, Mr. Archie forwarded at least part of that informal discovery to Mayfield for his review.  See Def. Ex. 5.  Mr. Archie also informed Defendant Mayfield that he would be "contesting the forfeiture." Id.  Moreover, within a few days of the entry of the Continuance Order, Defendant himself inquired of Mr. Archie "about the possibility of the court appointing an (sic) private investigator on [his] behalf to conduct a thorough investigation into the past activities of the female individuals involved."  See Def. Ex. 2.[3]

   Contrary to Defendant's contention, the pertinent requirements for a valid continuance pursuant to the ends of

---

[2]  There is no dispute that Mr. Archie requested the continuance.  Defendant Mayfield does not suggest otherwise. Indeed, the Continuance Order bears Mr. Archie's signature.

[3]  The Court also notes that even though Defendant's new counsel entered an appearance in this matter prior to the expiration of the Continuance Order, such counsel never sought to modify the Continuance Order.

justice lie not in who moved for them, but rather in whether the court made "finding[s] that the ends of justice served . . . outweigh the best interest of the public and the defendant in a speedy trial."  <u>Tulu</u>, 2008 U.S. Dist. LEXIS 2254 at * 21.  If plea negotiations had been successful, they would have rendered an indictment by the Grand Jury as well as a trial unnecessary.  These reasons were articulated by Judge Donio and support a finding that the ends of justice served by granting the continuance outweighed the best interest of the public and the Defendant in a speedy trial.

<u>Conclusion</u>

For the foregoing reasons, Defendant's Motion to Dismiss the Indictment is hereby denied.  An accompanying Order shall be filed.

<u>s/Renée Marie Bumb</u><br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: <u> April 11, 2008</u>