[Dkt. No. 111]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>KEVIN MAYFIELD,<br><br>        Defendant. | Crim. No. 07-801 (RMB)<br><br>OPINION |

**APPEARANCES:**

FEDERAL PUBLIC DEFENDER'S OFFICE
By: Lori M. Koch, Esq.
800-840 Cooper Street, Suite 350
Camden, New Jersey 08102
    On behalf of Defendant Kevin Mayfield

OFFICE OF THE UNITED STATES ATTORNEY
By: Jason M. Richardson, Assistant United States Attorney
401 Market Street, 4th Floor
Camden, New Jersey 08101
    On behalf of the United States of America

**RENÉE MARIE BUMB**, United States District Judge:

    This matter comes before the Court upon Defendant Kevin Mayfield's Motion for Reconsideration [Dkt. No. 111] of this Court's Opinion and Order, dated May 27, 2020 [Dkt. Nos. 109, 110], denying Defendant's Emergency Motion for Compassionate Release, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), or, in the alternative, to be released to home

detention [Dkt. No. 105].  Defendant's argument for reconsideration is primarily based on a newly obtained letter from Defendant's treating physician, who opines that Defendant suffers from a chronic lung disease that places him at a greater risk for complications if he were to contract COVID-19.  The Government opposes Defendant's Motion for Reconsideration. While the Court is sympathetic to Defendant's concern about his health and wellbeing during these difficult times, the Court remains unpersuaded that compassionate release is warranted in this instance.  For the reasons set forth herein, Defendant's Motion for Reconsideration will be **DENIED**.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Defendant, who is currently serving a 200-month sentence at Federal Correctional Institution ("FCI") Coleman Low in Sumter County, Florida, first submitted a request for compassionate release to Kathy P. Lane, Warden at FCI Coleman Low, on April 1, 2020.  By letter dated April 10, 2020, the Warden denied Defendant's request for compassionate release.  On May 7, 2020, Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), alleging that he suffers from a chronic lung condition which makes him particularly vulnerable to becoming seriously ill from COVID-19 and that he is more likely to contract COVID-19 while incarcerated.

On May 27, 2020, this Court issued an Opinion and Order, denying Defendant's Motion for Compassionate Release. In that Opinion, the Court noted that Defendant's motion did not point to any medical records classifying his lung sarcoidosis as the type of "chronic lung disease" that put him in a "high risk" group for complications if he were to contract COVID-19. Additionally, the Court noted that the conditions at FCI Coleman Low, including preventative measures and very few active cases, suggested that Defendant's risk of exposure to COVID-19 while incarcerated was no greater, and quite possibly less, than his risk of exposure if he were released to his mother's home in Atlantic County, New Jersey. Finding that Defendant failed to establish "extraordinary and compelling" reasons to justify compassionate release, the Court did not analyze the appropriateness of a reduction of sentence under the factors set forth in 18 U.S.C. § 3553.

Following this Court's issuance of the May 27, 2020 Opinion and Order, on May 30, 2020, the Federal Public Defenders' Office asked Defendant's treating physician, Dr. Jose L. Diaz, M.D., to provide his medical opinion as to whether Defendant's lung sarcoidosis constitutes a "chronic lung disease" that would place Defendant at a great risk of severe illness if he were to contract COVID-19. On June 9, 2020, Dr. Diaz responded with a letter in which he opines that sarcoidosis is a chronic lung

3

disease and that Defendant's sarcoidosis is currently at "stage III" on a scale of 0 to IV.[1] Dr. Diaz further opines that Defendant would be at a greater risk for severe illness if he contracted COVID-19 and that he would also "have a longer recovery period compared to some with non-compromised lung function." Based on this newly obtained medical opinion, Defendant now moves for reconsideration of this Court's denial of his motion for compassionate release.

## II.  LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F.Supp.2d 482, 507 (D.N.J. 2002). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter

---

[1] The briefing for Defendant's initial motion suggested that Defendant's condition was lymphadenopathy, which would be Stage I, and is less severe than Stage III.

4

the disposition of the matter. U.S. v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999); see also L. Civ. R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See Corwin v. Brandywine Valley Friends of Old Time Music, Inc., 2008 WL 972656, at *1 (D.N.J. Apr. 8, 2008)(citing SPIRG v. Monsanto Co., 727 F.Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989)). Indeed, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F.Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F.Supp. 826, 831 n. 3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F.Supp. at 831 n. 3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See

Levinson v. Regal Ware, Inc., 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989).

### III. DISCUSSION

On reconsideration, Defendant now asks this Court to grant his request for early release, based on the newly obtained medical opinion from his treating physician. Defendant acknowledges that "neither party submitted an expert's opinion that lung sarcoidosis is in fact a 'chronic lung disease,'" in relation to the initial motion for compassionate release. In fact, Defendant did not seek a medical opinion from his physician until after the initial motion had already been denied. Nonetheless, the Court considers Dr. Diaz's letter on reconsideration to the extent it provides context for and clarifies the medical records attached to the initial motion for compassionate release.

Even accepting that Defendant suffers from a "chronic lung disease" that places him at a greater risk of severe illness if he were to contract COVID-19, the Court finds that Defendant's health issues alone are insufficient to justify his release. Indeed, the Court must also evaluate Defendant's risk of exposure to COVID-19 at his particular BOP facility or within the BOP generally.

As articulated in this Court's earlier opinion, the BOP has implemented extensive precautions and the facts on the ground suggest that Defendant is at no greater risk of contracting the virus at FCI Coleman Low than he would be if released.  As of July 2, 2020, the BOP reports that four staff members, but zero inmates, at FCI Coleman Low have active cases of COVID-19.  As of the same date, Sumter County, Florida, where FCI Coleman Low is located, has reported only 368 cases.[2]  For purposes of comparison, Atlantic County, New Jersey, where Defendant asks to be released to, has reported 2,878 cases.  As previously noted, granting Defendant's release would also mean removing him from a controlled environment and he could be exposed to COVID-19 in transit from Florida to New Jersey.  As such, even accepting that Defendant suffers from a chronic lung disease, the Court finds that Defendant has failed to demonstrate "extraordinary and compelling reasons" to justify a compassionate release.

Additionally, even if Defendant had demonstrated "extraordinary and compelling reasons" for release, Section 3582(c)(1)(A) requires the Court consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable" before it may reduce a sentence.  These factors include the need

---

[2] Johns Hopkins University, Coronavirus Resource Center, available at https://coronavirus.jhu.edu/ (accessed on July 2, 2020).

to: 'reflect the nature and circumstances of the offense and the history and characteristics of the defendant'; 'reflect the seriousness of the offense'; 'promote respect of the law'; and 'afford adequate deterrence to criminal conduct.'" Furthermore, Guideline Section 1B1.13(2) provides that compassionate release is appropriate only where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

The 3553(a) factors weigh against Defendant's release. The crimes that Defendant is incarcerated for are incredibly serious in nature. Specifically, Defendant recruited multiple underage girls to work as prostitutes, transported them across state lines, photographed at least one of the underage girls naked, and posted these photographs online to advertise her services as a prostitute. Additionally, Defendant had an extensive criminal history even before this conviction. Prior to his federal conviction, Defendant was convicted of possession of cocaine, possession of cocaine with intent to distribute near school property, and theft by deception. He violated his probation and was sentenced to a period of incarceration. Defendant was also adjudicated as a juvenile of aggravated assault and possession of a controlled dangerous substance. Even though Defendant is nearing his release date (in 2021), given the nature of his crimes, the Court finds the remainder of Defendant's sentence is

8

necessary to deter him and others similarly situated, as well as to provide just punishment, promote respect for the law, and protect the public.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration will be **DENIED**. An Order consistent with this Opinion shall issue on this date.

DATED: July 2, 2020

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
UNITED STATES DISTRICT JUDGE